**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2012, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ROBERT L NICHOLSON**
**DIANA C. BAUER**
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL A. TRENTADUE**
**ONI HARTON**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY C. WALBRIDGE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1112-CC-589 |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1010-CC-1470

**August 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Gregory C. Walbridge ("Walbridge") sought and obtained from JP Morgan Chase Bank, N.A. ("Chase") a line of credit, secured by a mortgage and pledge agreement (collectively "the Note"). After Walbridge defaulted on the Note, Chase filed a complaint for judgment on the Note and later sought summary judgment. The trial court granted final judgment in Chase's favor, and Walbridge appeals, raising several issues, of which we find the following restated issue to be dispositive: whether the trial court abused its discretion when it denied Walbridge's motion for leave to file an amended answer to assert a time-barred counterclaim of setoff against Chase.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2007, Walbridge executed and delivered to Chase the Note in the principal sum of $1,400,000.00. Walbridge defaulted on the Note. In June 2010, Chase exercised its option to declare the indebtedness due and owing and sent Walbridge a notice of acceleration. On October 28, 2010, Chase filed a complaint on the Note, seeking judgment in its favor against Walbridge. On December 30, 2010, Walbridge filed his answer. On August 31, 2011, Chase filed a motion for summary judgment, asserting that there were no genuine issues of material fact precluding judgment in its favor. On October 7, 2011, Walbridge filed his response to Chase's motion for summary judgment and a Motion for Leave to Amend Answer to Assert Affirmative Defense of Setoff ("Motion to Amend"). *Appellant's App*. at 52. Walbridge's response to summary judgment asserted that genuine issues of material fact existed with regard to the amount he owed Chase because, as asserted in his Motion to

Amend, he was entitled to reduce or setoff Chase's damages under the Note.

Specifically, Walbridge's Motion to Amend asserted that from 1997 to 2001, NBD Bank, N.A., who was a predecessor to Chase, provided negligent investment advice to Walbridge, and as a result, the value of his investment portfolio decreased by over $500,000.00. He claimed that, therefore, he was entitled to assert "an affirmative defense and/or permissive counterclaim" of setoff against Chase's complaint because of this negligent investment advice and loss in investment value. *Id*. at 53. Recognizing that the negligent investment advice occurred years prior, and thus any claim would be time-barred by the relevant statute of limitations, Walbridge asserted he was entitled to bring the claim pursuant to Indiana Trial Rule 13(J) which states in relevant part:

> The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that:
>
> (1)     it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred[.]

Ind. Trial Rule 13(J)(1).

Following a hearing, the trial court denied Walbridge's Motion to Amend, finding that the two-year negligence statute of limitations ran two years after the bad advice ceased in 2001,[1] which was "long before" Walbridge executed the Note with Chase in September 2007. *Id*. at 12. The trial court determined that because Walbridge "never had a viable

---

[1] As Chase notes, Walbridge's claim for negligent investment advice accrued, at the latest, in or around 2001, with the statute of limitations for that claim expiring two years later, in 2003. *Appellee's Br*. at 13 n.3, 16-17.

3

counterclaim/setoff to assert against Chase," Indiana Trial Rule 13(J) did not save Walbridge's permissive counterclaim.[2] *Id*. The trial court then granted Chase's summary judgment motion, finding no genuine issue of material fact existed, and entered judgment in favor of Chase and against Walbridge on the Note.[3] Walbridge now appeals.

## DISCUSSION AND DECISION

In his appeal, Walbridge asks us to decide, among other things, whether the trial court erred in its determination that, because Walbridge's permissive counterclaim for setoff had expired years before Chase's claim on the Note had accrued, Indiana Trial Rule 13(J) was not applicable. However, in our view, that is not the determinative issue, and we need not decide it today. Even if, as Walbridge claims, Indiana Trial Rule 13(J)(1) permits him to pursue his expired counterclaim – and we expressly make no decision on that today – the trial court nevertheless retained the discretion under Indiana Trial Rule 15 to either allow or not allow the counterclaim.

Indiana Trial Rule 15 governs the amendment of pleadings. Trial Rule 15(A) permits a party to "amend his pleading once as a matter of course" and thereafter by leave of court "when justice so requires." Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in deciding whether to permit amendments to pleadings, and we will reverse only when the trial court has abused that discretion. *Gordon*

---

[2] In reaching its decision, the trial court relied on this court's review and analysis of Trial Rule 13(J) in *Bacompt Sys., Inc. v. Ashworth*, 752 N.E.2d 140, 143-45 (Ind. Ct. App. 2001), *trans. denied* (2002).

[3] Walbridge does not dispute that he is liable on the Note or that summary judgment is proper on the issue of liability. His only issue is with regard to the trial court's decision concerning his claim of setoff, which he asserted to reduce Chase's claimed damages.

*v. Purdue Univ.,* 862 N.E.2d 1244, 1253 (Ind. Ct. App. 2007); *MAPCO Coal Inc. v. Godwin*, 786 N.E.2d 769, 777 (Ind. Ct. App. 2003). Abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of the facts and circumstances before it. *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), *trans. denied.* In deciding whether to grant or deny a motion to amend, the trial court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Gordon,* 862 N.E.2d at 1253 (quotations omitted).

Here, Chase filed its complaint in 2010, Walbridge filed his answer in December 2010, and no case activity occurred thereafter, meaning no discovery was propounded and no pleadings were filed, until Chase filed its motion for summary judgment in August 2011. Walbridge's response to Chase's motion for summary judgment did not assert that any genuine issues of material fact existed as to liability on the Note. Indeed, Walbridge concedes he is liable on the Note and that the indebtedness owed to Chase on the Note is $400,180.89. *Appellant's Br.* at 3. Walbridge filed his response to the motion for summary judgment on the last day for him to timely file his response and on the same day that he filed his Motion to Amend. His response did not designate any evidence in opposition to Chase's motion; rather, it asserted that summary judgment in favor of Chase should be denied because genuine issues of material fact existed "as to the amount of Walbridge's liability." *Appellant's App.* at 49-51. Although Walbridge's response referred to the "currently pending" Motion to Amend, it did not provide or designate facts supporting the allegations of

that motion. *Id.* No new evidence was discovered, nor did any new facts arise between the time of Walbridge's answer and the filing of his Motion to Amend, and no explanation was given as to why the claim for setoff was not brought previously. Indeed, it appears Walbridge was attempting to bootstrap an issue of fact into the proceedings, and thereby avoid or delay summary judgment, by seeking to amend his answer and assert a time-barred claim for setoff, which stemmed from alleged bad investment advice rendered by Chase's predecessors years before. Exercising its discretion, the trial court denied Walbridge's belated Motion to Amend. Walbridge has not established that the trial court's decision was against the logic and effect of the circumstances before it. We find that no abuse of discretion occurred. *See MAPCO Coal, Inc.*, 786 N.E.2d at 777 (trial court did not abuse its discretion in denying motion to amend where plaintiff "waited almost three years to assert a claim that could have been raised in its initial complaint" and there was no new evidence to justify amendment).

Affirmed.

BAKER, J., and BROWN, J., concur.